**Brett Wilder, Brian Wilder and Jason Wilder, minors, by Emma Wilder, duly appointed Guardian v. Aetna Life & Casualty Insurance Company; Nationwide Insurance Company**

[433 A.2d 309]

No. 274-80

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed June 12, 1981

*Dworkin & Jerome,* South Londonderry, and *Davis, Rounds & Mayhew, P.C.,* Windsor, for Plaintiffs.

*Robinson E. Keyes* of *Ryan Smith & Carbine, Ltd.,* Rutland, for Defendant.

**Hill, J.** This is an interlocutory appeal from the granting of defendant Aetna's motion to strike from plaintiffs' complaint allegations regarding the Vermont Consumer Fraud Act, 9 V.S.A. Chapter 63 and the Insurance Trade Practices Act, 8 V.S.A. Chapter 129. The trial court granted the motion on

18

the ground that those allegations did not state a claim upon which relief could be granted; it struck the allegations.

The dispute arises from a settlement agreement following an automobile accident involving plaintiffs and defendants' insured. Prior to trial on the merits, defendant insurance companies entered into a settlement agreement whereby the three minor plaintiffs were to receive a total of $4,000.00. Shortly after settlement, plaintiffs' mother, as their guardian, executed a general release on behalf of the minors.

Plaintiffs alleged that defendant had intentionally and unreasonably withheld payment of the agreed amount. Defendant claimed a $4,890.00 set-off against the settlement amount, because it mistakenly paid plaintiffs' guardian that amount in addition to the $20,000 settlement reached with the guardian for her own injuries.

Plaintiffs alleged that the refusal to pay was an unfair insurance practice, 8 V.S.A. §§ 4723, 4724, and constituted deceptive and false practice in commerce, 9 V.S.A. § 2453. They demanded treble damages and attorney fees pursuant to 9 V.S.A. § 2461(b). From the trial court's granting of the motion to dismiss that portion of the complaint resting on those two acts, plaintiffs received permission to appeal before final judgment. V.R.A.P. 5(b). Two questions, involving those claims, were certified.

■■ The Consumer Fraud Act was created to protect citizens from unfair and deceptive acts in consumer transactions. *Christie* v. *Dalmig, Inc.*, 136 Vt. 597, 600–01, 396 A.2d 1385 (1979). 9 V.S.A. § 2461(b), providing for treble damages, was added to the original enactment to encourage prosecution of individual consumer fraud claims.

■ To fall within the scope of the Act, the "unfair methods of competition" or "unfair or deceptive acts or practices" must occur "in commerce." 9 V.S.A. § 2453(a). The business of insurance is clearly within commerce, *United States* v. *South-Eastern Underwriters Ass'n*, 322 U.S. 533 (1944). However, the selling of an insurance policy is not a contract for "goods or services" within the meaning of 9 V.S.A. § 2461 allowing for civil penalties. Insurance cannot legitimately be labelled either goods or services as the Legislature has defined those terms. See 9 V.S.A. § 2451a(b), (c).

In addition, we are not dealing with a contractual situation between buyer and seller. We are asked to read into the Act a transaction one step removed. However, as *Bowe* v. *Eaton*, 17 Wash. App. 840, 565 P.2d 826 (1977), interpreted similar legislation: "The Consumer Protection Act, and more specifically the 'unfair or deceptive acts or practices' portion of the act deal solely with consumer transactions in which there is an actual sale of goods or services involving a buyer, a seller, and the goods or services." *Id.* at 846, 565 P.2d at 830. While the Act must be construed liberally in order to serve its remedial purpose, *Commonwealth* v. *Monumental Properties, Inc.*, 459 Pa. 450, 459–60, 329 A.2d 812 (1974), we cannot so freely stretch its meaning as to evade the Legislature's intent.

The Insurance Trade Practices Act provides public administrative sanctions against unfair and deceptive acts within the insurance industry. 8 V.S.A. § 4725 et seq. And while plaintiffs are correct that 8 V.S.A. § 4734 mandates that the powers granted in Title 8 are in addition to other enforcement acts regulating the insurance industry, the Act does not create a private right of action. See *Mahaney* v. *John Hancock Mutual Life Insurance Co.*, 6 Mass. App. 919, 380 N.E.2d 140, 142 (1978).

*Affirmed.*